UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SHERRON WILSON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:19-cv-2293-ACL |
| ANNE PRECYTHE, | ) ) ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon plaintiff Sherron Wilson's motion seeking a transfer to another prison. (ECF No. 8/filed October 28, 2019). The motion will be denied. Additionally, plaintiff will be given an extension of time to comply with the Court's October 18, 2019 order.

### **Background**

Plaintiff is a prisoner who is proceeding herein pro se and in forma pauperis. He initiated this civil action on August 2, 2019 by filing a complaint pursuant to 42 U.S.C. § 1983 against Anne Precythe, the Director of the Missouri Department of Corrections. Upon initial review, the Court determined that the complaint was subject to dismissal for failure to state a claim upon which relief may be granted. On October 18, 2019, the Court entered an order directing plaintiff to file an amended complaint within 30 days.

Plaintiff filed the instant motion on October 28, 2019. The motion is composed in the form of a long and rambling narrative. Briefly, plaintiff asks this Court to order his transfer to another prison (with the exception of Bonne Terre Correctional Center) because he "almost died two times at Potosi Correctional Center because of chemicals that came through the vents in his cells," he was not seen by the Protective Custody Committee, he had no opportunity to sign

papers saying he no longer needed protective custody, he is being harassed by staff and other inmates, he is being "sexually harassed" because there are vibrations coming off the cell walls and touching his body, and other such averments.

**Discussion**

The motion is most properly characterized as a request for a preliminary injunction. The purpose of a preliminary injunction is to protect the movant from harms alleged in the complaint while litigation is pending. Thus, the movant must establish a relationship between the injury claimed in the motion and the conduct asserted in the complaint. *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). To determine whether preliminary injunctive relief is warranted, the Court must balance the threat of irreparable harm to movant, the potential harm to the nonmoving party should an injunction issue, the likelihood of success on the merits, and the public interest. *Dataphase Systems v. C L Systems*, 640 F.2d 109, 113-14 (8th Cir. 1981) (*en banc*). A preliminary injunction is an "extraordinary remedy," and the "party seeking injunctive relief bears the burden of proving all the *Dataphase* factors." *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003) (citations omitted). In the case at bar, plaintiff has yet to file a viable complaint, and the motion is therefore premature. In addition, plaintiff has not met his burden of establishing all of the *Dataphase* factors sufficient to demonstrate entitlement to injunctive relief. The Court will therefore deny the motion, without prejudice.

Plaintiff has also submitted a letter seeking a status update. This raises the concern that plaintiff may not have yet received the Court's October 18, 2019 order. The Court will therefore direct the Clerk to resend that order to plaintiff. The Court will also give plaintiff an additional fourteen days to comply with that order.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for transfer (ECF No. 8) is **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a copy of the Court's October 18, 2019 order (ECF No. 7) and a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall have additional time, to and including **Monday, December 2, 2019**, to file an amended complaint in accordance with the Court's October 18, 2019 order.

Dated this 30th day of October, 2019.

_____
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE