UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHERRON WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:19-cv-2293-ACL |
| ) | |
| ANNE PRECYTHE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of an amended complaint filed by plaintiff Sherron Wilson, a prisoner who is proceeding pro se and in forma pauperis. For the reasons explained below, the Court will dismiss this action because plaintiff's allegations are either frivolous or fail to state a claim upon which relief may be granted.

### Background

Plaintiff initiated this action on August 2, 2019 by filing a complaint against Anne Precythe, the Director of the Missouri Department of Corrections (MDOC). He alleged he had been "verbally sexually harassed" everywhere he went, that an inmate raped him in June, that a "guy on the streets" paid people to mistreat him, and that nurses had sex with inmates as payment for mistreating him. Upon initial review, the Court concluded that plaintiff's allegations failed to state a claim upon which relief may be granted, and gave plaintiff the opportunity to file an amended complaint. In so doing, the Court gave plaintiff clear instructions about how to prepare the amended complaint, stressing the importance of alleging facts showing how each named defendant was personally involved in or directly responsible for any incident that harmed him. The Court also explained that claims sounding in respondeat superior were not cognizable

in § 1983 actions. Plaintiff has now filed an amended complaint, which the Court reviews pursuant to 28 U.S.C. § 1915(e)(2).

**Legal Standard**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is, *inter alia*, frivolous or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). The term "'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* While federal courts should not dismiss an action commenced in forma pauperis if the facts alleged are merely unlikely, the court can properly dismiss such an action if the allegations in the complaint are found to be "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. 319). Allegations are clearly baseless if they are "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." *Id.*

An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Amended Complaint**

Plaintiff filed the amended complaint pursuant to 42 U.S.C. § 1983, and again named Anne Precythe, the Director of the MDOC, as the sole defendant. He sues Precythe in her individual and official capacity. Plaintiff repeatedly avers he is suing Precythe because of the position she holds at the MDOC. For example, he writes: "The reason why I am suing Anne L. [Precythe] is because she is the Director of the Department of Corrections in the State of Missouri. She is the one that allows Department of Corrections staff, inmates to harass me . . . I am suing Anne [Precythe] because she is in charge of the Department." (ECF No. 11 at 3-4).

The majority of the amended complaint is composed in the form of a long and rambling narrative. Plaintiff alleges he is "going through cruel and unusual punishment because I keep getting physically and verbally sexually abused and harassed in every level five department of correction institution I'm sent to." *Id.* at 5. He alleges that "every cellmate" either physically, verbally or sexually abuses him. He alleges this occurred in November of 2002 at Fulton

Correctional Center, in 2003 and 2007 at Potosi Correctional Center, and in 2008 at Crossroads Correctional Center. He also alleges that in 2017 and 2018, inmates broke his headphones and subjected him to sexual comments and gestures. He states he wrote Precythe "two letters, letting her know what I've been through, and what I am going through right now at Potosi Correctional Center, and she didn't give me any [response]. The only thing she did both times was send the letters to [an] assistance director mental health service guy name[d] Scott O'Kelly." *Id.* at 4. Plaintiff includes a long narrative about different gangs within the inmate population, and their various affiliations. It is unclear how this relates to plaintiff's claims. Plaintiff also includes a narrative about a nurse named Tammy who "has a lot of look-alikes." *Id.* at 12. Plaintiff alleges that, apparently in 2007, Tammy looked in the window of another inmate's cell "like if he was talking to her in sign language," and that Tammy has sex with other inmates to get them to harass him. *Id.* Plaintiff alleges he was raped in June of 2019 but "no one helped me." *Id.* at 14. Plaintiff alleges no facts concerning this event. He seeks injunctive and monetary relief.

**Discussion**

As an initial matter, the Court notes that plaintiff complains of conduct that occurred beginning in 2002. Missouri's five-year statute of limitations for personal injury actions, Mo.Rev.Stat. § 516.120(4) (2000), applies to § 1983 claims brought in Missouri. *Sulik v. Taney County, Mo.*, 393 F.3d 765, 766-67 (8th Cir. 2005) (citations omitted). Therefore, to the extent plaintiff attempts to bring claims pursuant to § 1983 that accrued more than five years before the filing of the original complaint, they are time-barred.

Even if all of plaintiff's claims were timely, this action would be dismissed because plaintiff's allegations fail to state a claim upon which relief may be granted against Precythe. To state a claim under § 1983, plaintiff must plead that a government official has personally violated

4

his constitutional rights. *Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014) (citing *Iqbal*, 556 U.S. at 676); *see also Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (claims sounding in respondeat superior are not cognizable under § 1983). In requiring a plaintiff to allege facts showing each defendant's personal involvement in the deprivation of his constitutional rights, the Court assesses each defendant relative to her authority over the claimed constitutional violation. *Jackson,* 747 F.3d at 543. A person with a supervisory or administrative position may be liable if her direct action or failure to supervise and train the offending employee caused the constitutional violation. *Id.* (citations omitted). Such person's personal involvement can also be established by allegations that she was directly involved in "creating, applying, or interpreting a policy" that gives rise to unconstitutional conditions. *Id.* (citations omitted).

Here, the only allegations relevant to the issue of Precythe's personal involvement are that plaintiff wrote her two letters. However, plaintiff is so vague about the content of the letters that the Court cannot infer, without engaging in improper speculation, that they would have made Precythe aware of any allegedly wrongful conduct or unconstitutional conditions. Additionally, nothing in the amended complaint can be construed as alleging that Precythe had any involvement in any policy that gave rise to any allegedly unconstitutional conditions. The Court has previously advised plaintiff of the importance of alleging facts in support of his claims, and will not assume facts that plaintiff has not alleged. *See Stone,* 364 F.3d at 914-15. Plaintiff's failure to allege facts tending to demonstrate Precythe's personal involvement, combined with his repeated assertions that he is suing Precythe because she is the Director of the MDOC, demand the conclusion that plaintiff seeks to bring claims premised entirely upon respondeat superior. As the Court has previously advised plaintiff, such claims are not cognizable in § 1983 actions. *See Boyd*, 47 F.3d at 968.

Finally, the Court finds many of plaintiff's allegations to be fanciful and perhaps even delusional. Plaintiff repeatedly alleges that he suffers from constant verbal, physical and sexual abuse everywhere he goes from every cellmate. He also alleges that for some unexplained reason, a nurse has sex with other inmates to get them to harass him, and peers in other inmates' windows to communicate via sign language. These allegations are clearly baseless as defined in *Denton*. For all of the foregoing reasons, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (ECF No. 2) and his duplicative motion for leave to proceed in forma pauperis (ECF No. 12) are **DENIED** as moot.

Dated this 24th day of January, 2020.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE